# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **SELENA BUTLER,** | } | |
| **Plaintiff,** | } } } | |
| v. | } } | Case No.: 1:05-CV-0784-VEH |
| **NATIONAL HEALTHCARE CORPORATION,** | } } } } | |
| **Defendant.** | } } | |

## AMENDED MEMORANDUM OPINION

In the Court's Opinion as to the Defendant's motion for summary judgment published on June 9, 2006, the Court (1) denied the Defendant's motion for summary judgment as to Plaintiff Butler's gender discrimination claim based on the disparate application of disciplinary rules and (2) granted the Defendant's motion for summary judgment as to Plaintiff's gender discrimination claim based on discriminatory discharge. The Court is supplementing its original opinion with this opinion to clarify its holding.

A prima facie case of discriminatory discharge may be established in different ways.[1]  The first way a plaintiff can establish a prima facie case is by establishing that: (1) he is a member of a protected class; (2) he establishes that he was qualified for the job; (3) he was terminated; and (4) he was replaced by someone outside the protected class. Nix v. WLCY Radio/RAHall Communications, 738 F.2d 1181,1185 (11th Cir. 1984); Krieg v. Paul Revere Life Ins. Co., (11th Cir. 1983); Mark v. Prattco, 607 F.2d 1153, 1155 (5th Cir. 1979).

The second way a plaintiff may establish a case of discriminatory discharge is by showing that: (1) he is a member of a protected class; (2) he establishes that he was qualified for the job; (3) he was terminated; and (4) a person outside of the plaintiff's class having comparable or lesser qualifications was retained.  Nix, 738 F.2d at 1185; see also Whiting v. Jackson State University, 616 F.2d 116, 121 (5th Cir. 1980).

The third way a plaintiff may establish a case of discriminatory discharge is by showing that: (1) he is a member of a protected class; (2) he establishes that he was qualified for the job; (3) he was terminated; and (4) the misconduct for which [she] was discharged was nearly identical to that engaged in by [an employee outside the protected class] whom [the employer] retained. Nix, 738 F.2d at 1185; Givhan v. Electronic Engineers, Inc., 4 F.Supp.2d 1331 (M.D. Ala. 1998).

---

[1] The three variations differ as to the fourth element of the prima facie case.

The Plaintiff asserted in her opposition brief to the Defendant's motion for summary judgment that Plaintiff established a gender discrimination claim based on discriminatory discharge under the first variation listed above. The Plaintiff alleged that Plaintiff Butler was replaced by Iris Murphy, a female. (Pl's Brief p. 57). The Plaintiff further alleged that the Defendant was not aware of Murphy being pregnant at the time of hire; therefore, Murphy was outside of the protected class. Id. The Court granted the Defendant's motion for summary judgment as to the discriminatory discharge based on gender claim on the grounds that the Plaintiff did not provide sufficient evidence that (1) her former position was filled by a person outside her protected class and (2) the Defendant's proffered reasons were pretextual because at the time Murphy was hired, the Defendant had no knowledge whether she was pregnant. (Opinion p. 24). Therefore, any evidence related to Murphy is probably irrelevant for trial unless Plaintiff can show some reason, other than to prove that she is a proper comparator, that such evidence is relevant.

Although Plaintiff asserted a discriminatory discharge variation of Plaintiff's gender discrimination claim using the first variation noted above, Plaintiff can establish a prima facie case using the third variation of discriminatory discharge by showing that the misconduct for which Plaintiff was discharged was nearly identical to that engaged in by an employee outside the protected class whom the Defendant retained. When reviewing the elements of the discriminatory discharge claim under

the third variation, the elements are the same as a gender discrimination claim. To establish a prima facie case of sex-based discrimination, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and (4) she suffered from a differential application of work or disciplinary rules. See Spivey v. Beverly Enterprises, Inc., 196 F.3d 1309, 1312 (11th Cir. 1999); Armstrong v. Flowers Hosp. Inc., 33 F.3d 1308, 1314 (11th Cir. 1994). Even though the Plaintiff asserted a discriminatory discharge claim, the elements of the gender discrimination claim and discriminatory discharge under the third variation are the same. Despite the fact that the Plaintiff labeled the claim as a discriminatory discharge claim, the gender discrimination claim and the discriminatory discharge claim are based on the same allegation, a discharge arising out of inconsistent application of the disciplinary rules. Since the adverse action is discharge and the allegation is the same, the damages are potentially the same.

Further, the Court properly granted the Defendant's motion for summary judgment as to the discriminatory discharge claim relating to Murphy. Since the framework for the gender discrimination claim and the discriminatory discharge claim under the third variation are the same, the Court is properly denying the Defendant's motion for summary judgment as to the discriminatory discharge claim relating to the Defendant's allegedly discriminatory treatment of Stacey Cossey.

As to Plaintiff's retaliation allegation, the Court properly found that Plaintiff did not present sufficient evidence that she engaged in statutorily protected activity. Therefore, the retaliation allegation will not be an issue at trial.

The issues remaining for trial are: (1) whether the Defendant discriminated by discharging Plaintiff while retaining Stacey Cossey; and (2) whether Defendant's proffered legitimate, nondiscriminatory, and non-retaliatory reasons for its employment decision (to discharge the Plaintiff) were a pretext for gender discrimination.

As discussed at the final pretrial conference, if either party wishes to file a Motion to Reconsider this court's summary judgment order, now that the court has clarified its holding, such motion is due within ten (10) days of today's date. If neither party timely files a motion to reconsider, then, if either party wishes to amend the Pretrial Order, the parties shall jointly prepare and file a proposed amended pretrial order, with an e-mail copy to chambers, within ten (10) days of the date on which any motion to reconsider was due. No further pretrial conference will be held unless requested by a party.

**DONE** and **ORDERED** this 17th day of July, 2006.

/s/ VEHopkins
**VIRGINIA EMERSON HOPKINS**
United States District Judge